# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON STEVEN MOLTHAN,<br><br>     Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA et al.,<br><br>     Defendants. | Case No. 5:24-cv-01939-TJH (SK)<br><br>**FINAL ORDER TO SHOW CAUSE** |

  Plaintiff Jason Steven Molthan is a Tennessee state prisoner proceeding pro se and in forma pauperis with a putative civil rights complaint under 42 U.S.C. § 1983.  His complaint stems from now-moot California extradition proceedings from several years ago and ostensibly seeks to collaterally attack his Tennessee state convictions.  It also names parties, including the California state extradition judge, who enjoy absolute or qualified immunity from suit under § 1983.  And to the extent that any nonimmune defendants have been named, the complaint fails to state a claim on which relief may be granted in any event.  But because plaintiff is a pro se litigant, this court screened his complaint multiple times, explaining these legal and factual deficiencies.  *See* 28 U.S.C. § 1915A.  In the last order, moreover, the court instructed plaintiff to file either an amended complaint curing the pleading defects, a notice of voluntary dismissal, or other written response explaining how (and whether) he intended to prosecute this action. (ECF 16).

  As of this order, however, plaintiff has not complied with the court's order.  Plaintiff was cautioned that failure to comply with court orders would lead to involuntary dismissal—with or without prejudice.  (ECF 16 at 11).

He was also informed that actions dismissed on their merits—including for failure to state a claim or based on immunity from suit—would count as "strikes" under 28 U.S.C. § 1915(g), which requires full payment of civil filing fees in any future lawsuits for prisoners proceeding in forma pauperis who have had three or more lawsuits dismissed as "strikes." (*Id.*).

For these reasons, plaintiff is ORDERED TO SHOW CAUSE in writing why this action should not be dismissed involuntarily on the merits as a qualifying "strike" dismissal. He may avoid such consequences and discharge this order by filing the attached Notice of Voluntary Dismissal (CV-09x) within <u>14 days</u> of receiving this show-cause order. Otherwise, with no further notice, this action may be involuntarily dismissed—merits aside—on all authorized grounds, including failure to prosecute and comply with court orders. *See*, *e.g.*, Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.

DATED:   March 6, 2025

STEVE KIM
United States Magistrate Judge